## Issuance of Variable Annuities

ANNE X. ALPERN, Attorney General and MICHAEL J. STACK, JR., Deputy Attorney General, March 2,

1961.—You have asked our advice as to whether a company engaged in the business of issuing variable annuities life insurance and disability insurance in combination is an insurance corporation within the meaning of the Act of July 11, 1917, P. L. 804, 40 PS §390. In the event this answer is "Yes," you further ask whether the provisions of the act apply to a corporation making a second offering of stock or a new issue several years after it has commenced doing business.

Our answer to both questions is "Yes."

The Act of July 11, 1917, is one which was passed under the police power of the State. It antedates the regulatory acts known as the Blue Sky Laws by several years. It, apparently, was passed to protect Pennsylvania investors from being overreached by the promotors of insurance companies. It places limitations upon the offering of securities of insurance corporations and imposes criminal penalties for failure to comply with its provisions.

Variable annuities are a comparatively new development. A standard annuity traditionally and customarily has offered the annuitant a definite amount beginning with a certain year of his or her life. The variable annuity introduces two new features: Premiums collected are invested to a greater degree in common stocks and other equities, and, second, benefit payments vary with the success of the investment policy. The main distinction is that there is no fixed amount payable. The benefit, obviously, will vary upward or downward, depending on the state of the economy and the wisdom of the investment policies.

Section 1 of the Act of July 11, 1917, supra, reads as follows:

"The term 'insurance corporation' includes corporations organized to transact the business of insurance, . . ."

The question of whether the business of selling variable annuities is insurance has been exhaustively treated in a recent case involving the very company whose request to sell its securities in Pennsylvania gives rise to this opinion. In the case of Securities and Exchange Commission v. Variable Annuity Life Insurance Co. of America, 359 U. S. 65 (1959), the question before the court was whether the business of selling variable annuities was insurance within the meaning of the Securities Act and Investment Company Act of the United States which granted exemption from the disclosure requirements of these two acts to insurance companies. In a five to four decision, the court held that for the purposes of regulation under these two acts the business of selling variable annuities was not insurance and thus not entitled to the exemption. It is our opinion, however, that this was a decision based upon the public policy requiring disclosure advanced by the Securities Act of 1933, 48 Stat. 74, 15 U. S. C. §77a, and the Investment Company Act of 1940, 54 Stat. 789, 15 U. S. C. §80a. The position of the four dissenting Justices appears to be the one best calculated to favor the interests of the citizens of this Commonwealth.

Preliminarily, it should be noted that if we were to hold that this was not insurance business, then the company would not be required to meet the provisions of the Act of July 11, 1917.[1]

The Insurance Company Law of May 17, 1921, P. L. 682, sec. 202, as amended, 40 PS §382, provides:

"(a) Stock or mutual life insurance companies may

---

[1] This company has been admitted to business by the governmental insurance regulatory bodies of the District of Columbia and of the States of Arkansas, Kentucky, West Virginia, Alabama, New Mexico and could qualify in North Dakota. See Securities and Exchange Commission v. Variable Annuity Life Insurance Co. of America, supra. note 1 at page 94.

be incorporated for any or all of the following purposes:

"(1) To insure the lives of persons, and every insurance appertaining thereto; to grant and dispose of annuities; . . ."

No limitation is placed upon the word "annuities," and we should not for the purposes of the Act of July 11, 1917, supra, read any into it.

Moreover, these contracts are sold in combination with disability insurance.

It is significant to note that the court in the United States Supreme Court case cited herein recognized the fact that the regulation of insurance has traditionally been under control of states, and that courts should be reluctant to disturb State regulatory schemes that were in actual effect, either by displacing them or by imposing Federal requirements on insurance transactions tailored to meet state requirements.

Life insurance is an evolving institution and the court should not undertake to freeze concepts of insurance or annuities into molds they had fit when Federal acts utilizing these claims were prepared.

We conclude that a company which among other things offers variable annuities contracts to the public is an insurance corporation within the meaning of the Act of July 11, 1917.

Returning now to a consideration of your second question, namely, whether the regulatory features of the Act of July 11, 1917, supra, apply to subsequent issues, section 2 of the act provides:

"No person shall as principal or agent, directly or indirectly, for the purpose of promoting or organizing any insurance corporation, proposed to be or being organized within or without this State, or of promoting the sale of stock of such corporation by it *after organization*, sell, or agree or attempt to sell, or secure

314

subscriptions or applications for, any stock in such insurance corporation, without complying in all respects with this act." (Italics supplied.)

Manifestly, the provisions of this act relate to not only original issues of stock but also those subsequent to the initial organization of the company.

We are, therefore, of the opinion, and you are accordingly advised, that a company which sells variable annuity insurance contracts is an insurance corporation within the meaning of the Act of July 11, 1917, and must comply with the provisions of that act and such other acts of the Commonwealth (The Pennsylvania Securities Act of July 10, 1941, P. L. 317, as amended, 70 PS §31), as are pertinent thereto, before it may offer its stock (whether it be original issue or subsequent issue) or variable annuities for sale in Pennsylvania. We do not intend that this opinion be construed to give authority to any company to offer for sale securities, whether they be its stock or variable annuity contracts, in the Commonwealth without prerequisite compliance with the provisions of The Pennsylvania Securities Act, as amended, supra.